# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**TRACEY DOTSON,**
**Claimant Below, Petitioner**

**FILED**
July 9, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)** **No. 19-0086** (BOR Appeal No. 2053170
(Claim No. 2011032353)

**TRACEY L. DOTSON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tracey Dotson, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Tracy L. Dotson, by Counsel Timothy E. Huffman, filed a timely response.

The issue on appeal is additional permanent partial disability benefits. The claims administrator granted no additional permanent partial disability benefits on July 7, 2017. On July 18, 2018, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated January 2, 2019, in which the Board of Review affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dotson is self-employed as a driver/mechanic doing business as Tracy L. Dotson. He sustained a knee strain, meniscus tear, and anterior cruciate ligament ("ACL") tear as a result of a slip and fall incident on March 11, 2011. An MRI performed on March 21, 2011, revealed a contusion of the posterolateral aspect of the lateral tibial plateau, and a tear of the medial meniscus, and a suspected partial ACL tear. By Order dated April 7, 2011, the claims administrator held the claim compensable for sprain of the knee/leg and tear of the medial meniscus.

Mr. Dotson underwent two operations. On June 2, 2011, he underwent a left knee arthroscopy with debridement of the medial meniscus and limited debridement of the ACL. On

1

December 1, 2011, he underwent an arthroscopically assisted allograft reconstruction of the left ACL. Mr. Dotson was granted a 5% permanent partial disability award on April 10, 2013.

In April of 2017, Mr. Dotson sought to reopen his claim alleging a progression of his impairment. In support of his reopening request, he submitted the independent medical evaluation report of Michael Kominsky, D.C. In his report, Dr. Kominsky noted that there had been a progressive worsening of ligamentous laxity of the left ACL in comparison to prior findings. Dr. Kominsky found 7% whole person impairment for ligamentous laxity and combined it with 1% whole person impairment of the left knee, for a total of 8% whole person impairment. Dr. Kominsky's 8% total impairment recommendation was pursuant to the diagnosis model of the American Medical Association's *Guides to the Evaluation for Permanent Impairment*, (4th ed. 1993). Additionally, Dr. Kominsky recommended 5% whole person impairment pursuant to the manual muscle testing examination approach, which amounted to 13% total impairment. He justified his decision to utilize both the diagnostic approach and the examination approach with the comment that the diagnostic approach did not describe the full extent of Mr. Dotson's impairment.

The claim was subsequently reopened, and Mr. Dotson was referred to Prasadarao B. Mukkamala, M.D., for an independent medical evaluation. In his report of June 13, 2017, Dr. Mukkamala noted that he reviewed Mr. Dotson's clinical history and performed a physical examination. Dr. Mukkamala found that Mr. Dotson had reached his maximum degree of medical improvement with no instability or laxity in the anteroposterior direction or the medial lateral direction. Based upon the range of motion model, Dr. Mukkamala found that Mr. Dotson qualified for 0% additional impairment. Noting Mr. Dotson's 1.5 cm of atrophy on the thigh, pursuant to Table 36 of the American Medical Association's *Guides.* Dr. Mukkamala found that he qualified for 2% impairment. Pursuant to Table 64, Dr. Mukkamala indicated that Mr. Dotson qualified for 1% impairment. Dr. Mukkamala disagreed with Dr. Kominsky's finding that there was weakness in the left quadriceps and moderate laxity of the ACL. Although Dr. Mukkamala recommended a 2% whole person impairment rating, because Mr. Dotson had previously received a 5% permanent partial disability award in this claim, Dr. Mukkamala found Mr. Dotson to be fully compensated by his prior award. The claims administrator relied upon Dr. Mukkamala's assessment and granted Mr. Dotson a 0% permanent partial disability award. Mr. Dotson protested the claims administrator's decision.

An independent medical evaluation conducted by Paul Bachwitt, M.D., was introduced into the record by the employer. In his March 28, 2018, report, Dr. Bachwitt found Mr. Dotson's medial and anterior collateral ligaments intact with mild laxity of the ACL. Referring to the diagnosis-based estimate of the American Medical Association's *Guides*, Dr. Bachwitt indicated that Mr. Dotson qualifies for 1% whole person impairment because he had undergone arthroscopic left knee partial medial meniscectomy. Dr. Bachwitt reported that the mild ACL laxity would qualify him for 3% impairment, or, when combined, would represent 4% impairment. Dr. Bachwitt also utilized the range of motion model and determined that measured range of motion testing equaled 5% impairment. Dr. Bachwitt disagreed with Dr. Kominsky's approach of assessment, and he further commented that the diagnosis-based estimate and the physical examination estimate should not be used together.

On July 18, 2018, the Office of Judges affirmed the July 7, 2017, Order of the claims administrator. The Office of Judges took note of Dr. Kominsky's use of both the manual muscle testing approach and the diagnosis-based testing method for reaching his recommendation of whole person impairment. After finding that the American Medical Association's *Guides* place the onus upon the evaluating physician to justify a deviation from its broad guideline to use either the diagnostic or examination approaches to determine whole person impairment for the lower extremity, the Office of Judges found that Dr. Kominsky's justification for combining the two approaches to determine whole person impairment was misplaced. The Office of Judges found that Dr. Kominsky did not describe two separate impairment processes but simply combined the two different approaches to reach a higher degree of impairment. The Office of Judges also noted that both Dr. Mukkamala and Dr. Bachwitt did not believe that Dr. Kominsky's approach was the proper use of the American Medical Association's *Guides* when evaluating impairment. Because the Office of Judges found that a preponderance of the credible medical evidence support the hypothesis that Mr. Dotson has not sustained additional whole person impairment attributable to his compensable injury, the Office of Judges affirmed the claims administrator's Order of July 7, 2017. The Board of Review adopted the findings and conclusions of the Office of Judges and affirmed its decision on January 2, 2019.

After review, we agree with the Board of Review's Order of January 2, 2019. The Office of Judges noted that in its prefatory comments, the American Medical Association's *Guides* state that it recognizes several methods for estimating lower extremity impairment. However, in general, only one evaluation method should be used to evaluate a specific impairment. In some instances, a combination of two or three methods may be required to determine whole person impairment. The onus is placed upon the evaluating physician to justify a deviation from the American Medical Association's *Guides*. In this case, the Office of Judges did not accept Dr. Kominsky's justification for combining the two approaches he used to calculate Mr. Dotson's impairment. Both Dr. Mukkamala and Dr. Bachwitt stated that Dr. Kominsky did not properly use the American Medical Association's *Guides* when he utilized both the diagnostic and examination approaches for rating Mr. Dotson's impairment. The preponderance of evidence of the record supports the position that the reports of Drs. Mukkamala and Bachwitt are more credible in determining Mr. Dotson's whole person impairment. The Board of Review correctly affirmed the July 18, 2018, Order of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

3

**ISSUED: July 9, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING**:
Justice Margaret L. Workman

4